IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY GILMORE and DANA GILMORE,<br><br>      Plaintiffs,<br><br>        v.<br><br>UNION PACIFIC RAILROAD COMPANY, DENNIS MAGURES, JOHN PARKER, CAROLYN M. WILL, ANDREW RIBBING and LEO MARIN and DOES 1-10, inclusive,<br><br>      Defendants.<br>_____/ | Case No. 09-02180-JAM-DAD<br><br><u>ORDER DENYING PLAINTIFFS'</u><br><u>MOTION FOR RECONSIDERATION</u> |

    This matter comes before the Court on Plaintiffs' Jeremy Gilmore ("Jeremy") and Dana Gilmore ("Dana") (collectively "Plaintiffs'") Motion for Reconsideration, pursuant to Federal Rule of Civil Procedure 60(b) and Eastern District Local Rule 230(j). Plaintiffs ask the Court to reconsider its dismissal with prejudice of Plaintiffs third, sixth and eighth claims for

relief brought in Plaintiffs' Complaint ("Complaint"). Defendants Union Pacific Railroad Company, Dennis Magures, John Parker, Carolyn M. Will, Andrew Ribbing and Leo Marin (collectively "Defendants"), oppose the motion.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs' Complaint alleged a claim for relief for violation of the Federal Employers Liability Act ("FELA"), 45 U.S.C. §51 et seq., and seven state law claims for relief, stemming from Defendants' discipline and dismissal of Plaintiffs from their jobs. Defendants brought a motion to dismiss the seven state law claims, as well as a motion to strike. The Court granted in part and denied in part the motion to dismiss, and denied the motion to strike. Specifically, the Court denied the motion to dismiss with respect to Plaintiffs' claims for wrongful discharge and invasion of privacy, and granted the motion to dismiss with respect to Plaintiff's claims for marital status discrimination and intentional infliction of emotional distress.

Plaintiffs were granted leave to amend their marital status discrimination claim, but their three claims for intentional infliction of emotional distress were dismissed with prejudice.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L. R. 230(g).

The Court found that it lacked jurisdiction to decide the intentional infliction of emotional distress claims, as they were preempted by the Railway Labor Act ("RLA"), 45 U.S.C. §151 et seq.

Defendants' motion to dismiss did not raise the issue of RLA preemption of the intentional infliction of emotional distress claims. However, Defendants raised RLA preemption in their reply brief, arguing that the Court lacked jurisdiction to decide the claims for intentional infliction of emotional distress. Because the Court has an independent obligation to consider subject matter jurisdiction at any stage of the litigation, *see* Dittman v. California*,* 191 F.3d 1020, 1025 (9th Cir. 1999), the Court considered the jurisdictional arguments raised in the reply. For the reasons set forth below, the Court declines to reconsider its previous order dismissing the intentional infliction of emotional distress claims with prejudice.

## II.   OPINION

A.   Legal Standard

Federal Rule of Civil Procedure 60(b) states that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5)the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Additionally, Eastern District Local Rule 230(j) requires that a party moving for reconsideration show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for motion, and why the fact or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j). This rule applies to "whenever a motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts." Id. To prevail, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hansen v. Schubert, 459 F.Supp.2d 973, 998 (E.D. Cal. 2006).

Plaintiffs also raise Federal Rule of Civil Procedure 7 and Fifth Amendment Due Process rights as grounds for reconsideration. Plaintiffs argue that Rule 7 requires that a motion state with particularity the grounds for seeking the order, and Defendants violated this rule by not including RLA preemption in the motion to dismiss. Plaintiffs further argue that the Court's consideration of the jurisdictional issue

raised in Defendants' reply brief denied Plaintiffs their Fifth Amendment due process rights.

However, a court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999); accord Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593, 124 S.Ct. 1920, 1937, 158 L.Ed.2d 866 (2004) (citations omitted) ("[I]t is the obligation of [the] district court . . . to be alert to jurisdictional requirements.").

B. RLA Preemption

The Court found that it lacked jurisdiction to decide the intentional infliction of emotional distress claims due to RLA preemption. The Court cited Saridakis v. United Airlines, 166 F.3d 1272, 1278 (9th Cir. 1999) as the basis for its decision. The Court in Saridakis explained that because a claim of intentional infliction of emotional distress requires plaintiffs to prove that an employer's conduct is "outrageous," this requires an interpretation of the collective bargaining agreement (CBA) and is therefore not an independent claim. The RLA preempts claims which require interpretation of the CBA. Id. at 1276.

Plaintiffs cite numerous cases in their motion for reconsideration. They argue that the Court should have followed

5

the cases which they cite rather than following <u>Saridakis</u>. However, most of the cases Plaintiffs cite are factually distinguishable. Plaintiffs urge the Court to follow cases in which intentional infliction of emotional distress claims were premised on verbal harassment or physical assault, though Plaintiffs' Complaint alleges neither. Plaintiffs also rely on a non-citable case and out of circuit cases. Accordingly, the Court does not find that the law cited by Plaintiffs warrants reconsideration of the Court's previous order.

### III. ORDER

For the reasons set forth above, the Court declines to reconsider its previous order dismissing with prejudice Plaintiffs' third, sixth and eighth claims for relief for intentional infliction of emotional distress. Plaintiffs' Motion for Reconsideration is hereby DENIED.

IT IS SO ORDERED.

Dated: May 3, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE