1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JEREMY GILMORE AND DANA          Case No. 09-cv-02180-JAM-DAD
    GILMORE,
12                                    ORDER GRANTING IN PART AND
                                      DENYING IN PART DEFENDANTS'
13          Plaintiffs,                    MOTION TO DISMISS

14                 v.

15  UNION PACIFIC RAILROAD COMPANY,
    DENNIS MAGURES, JOHN PARKER,
16  ANDREW RIBBING, and LEO MARIN
    and DOES 1 to 10, inclusive,
17

18          Defendants.
    _____/
19

20

21      This matter comes before the Court on Defendants' Union

22  Pacific Railroad Company, Dennis Magures, John Parker, and Leo

23  Marin ("Defendants'") Motion to Dismiss (Doc. #27) Plaintiffs'

24  Jeremy Gilmore and Dana Gilmore's ("Plaintiffs'") Second Amended

25  Complaint ("SAC") (Doc. #20) for failure to state a claim

26
27  pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants

28  also move to strike portions of the SAC pursuant to Federal Rule

                                   1

1  of Civil Procedure 12(f). Plaintiffs oppose the motion to

2  dismiss and strike.[1]

3

4

5  I. FACTUAL AND PROCEDURAL BACKGROUND

6  Plaintiffs' SAC alleges a claim for relief for violation of

7  the Federal Employers Liability Act ("FELA"), 45 U.S.C. §51 et

8  seq., as well as state law claims for relief, stemming from

9  Defendants' discipline and dismissal of Plaintiffs from their

10  jobs at Union Pacific. Plaintiffs' First Amended Complaint

11  ("FAC") was brought in Superior Court, and removed to federal

12  court by Defendants under federal question jurisdiction.

13  Defendants previously brought a motion to dismiss and strike

14  claims from the FAC. The Court granted in part and denied in

15  part the motion to dismiss, and denied the motion to strike.

16  Specifically, the Court denied the motion to dismiss with

17  respect to Plaintiffs' claims for wrongful discharge and

18  invasion of privacy. The Court granted the motion to dismiss,

19  without prejudice, with respect to Plaintiff's claims for

20  marital status discrimination, and with prejudice with respect

21  to the claims for intentional infliction of emotional distress.

22  Defendant Carolyn Will was dismissed from the suit.

23

24

25

26

27

28

[1] This motion was determined to be suitable for decision without
oral argument. E.D. Cal. L.R. 230(g).

Plaintiffs were granted leave to amend the FAC, and consequently filed the SAC. Plaintiffs also filed a Motion for Reconsideration of the dismissal of the intentional infliction of emotional distress claims. The Court denied the Motion for Reconsideration (Docket #43). Plaintiffs re-plead the intentional infliction of emotional distress claims in the SAC, and Defendants have asked the Court to again dismiss these claims with prejudice. The Court reiterates its previous order dismissing those claims with prejudice.

The present Motion to Dismiss seeks dismissal of Plaintiff's amended marital status discrimination claim, dismissal or striking of the new claim for retaliation, and dismissal of individual defendants from the suit. Defendants also request Judicial Notice of the original complaint filed by Plaintiffs in Superior Court.


II.   OPINION

A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975),

overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

     Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

     "Rule 12(f) provides in pertinent part that the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. . . Motions to strike are disfavored an infrequently granted. A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the

4

subject matter of the litigation." <u>Bassett v. Ruggles et al.</u>,

2009 WL 2982895 at *24(E.D. Cal. Sept. 14, 2009)(internal

citations omitted).

Generally, the Court may not consider material beyond the

pleadings in ruling on a motion to dismiss for failure to state

a claim. <u>Sherman v. Stryker Corp.</u>, 2009 WL 2241664 at *2 (C.D.

Cal. Mar. 30, 2009) (internal citations omitted). There are two

exceptions: when material is attached to the complaint or relied

on by the complaint, or when the court takes judicial notice of

matters of public record, provided the facts are not subject to

reasonable dispute. <u>Id</u>. Accordingly, the Court takes judicial

notice as requested by Defendants of Plaintiffs' original

Superior Court complaint, as it is a matter of public record.


B. <u>Marital Status Discrimination claim</u>

Plaintiff Dana Gilmore ("Dana") amended her marital

status discrimination claim, and now cites Union Pacific's work

rules and conflict of interest policy as sources of

discrimination, in addition to her previous allegations. As

explained in the Court's previous order, marital status

discrimination cases fall into two categories: status cases

(where the person is discriminated against for being married,

single, etc.) and conduit cases where the discrimination is

based on the identity of who the person is married to.  <u>See</u> <u>Chen</u>

v. County of Orange, 96 Cal. App. 4th 926, 939-43 (2002). In

conduit cases, the marital status serves only as a conduit for

some other kind of animus. Such cases may be divided into cases

where the animus is unlawful (such as race discrimination), and

cases where the animus is not unlawful (such as political

animus). Id. at 949. In conduit cases, "the plaintiff is the

object of adverse action because of something about his or her

spouse... However, conduit cases not based on some wrongful

animus... have been universally met with rejection as valid

marital status discrimination claims. Perhaps the best

explanation for that is this: In such cases, the marriage *qua*

marriage is irrelevant to the adverse action taken by the

employer. What the employer really cares about is the

substantive relationship between the plaintiff and someone

else." Id.

Here, Dana continues to advance her marital status

discrimination claim under both status and conduit theories, but

ultimately fails to state a claim under either theory. Dana did

not plead facts alleging an unlawful animus towards Jeremy based

on his identity. Nor do the quoted workplace rules or conflict

of interest policy form the basis of a marital status

discrimination claim. Rule 1.6 states that, "Any act of

hostility, misconduct or willful disregard or negligence

affecting the interest of the company of its employees is cause

for dismissal and must be reported. Indifference to duty, or to

the performance of duty, will not be tolerated." Rule 1.2.7

states that, "Employees must not withhold information or fail to

give all the facts to those authorized to receive information

regarding unusual events, accidents, personal injuries or rule

violations." Lastly, the conflict of interest policy states

that, "A conflict of interest is a conflict between the private

interests of an employee and his or her responsibilities as an

employee for the corporation. All such conflicts should be

avoided. No employee shall place himself or herself in a

position that would have the appearance of being, or be

construed to be, in conflict with the interests of the

corporation. Full disclosure of all facts must be made to the

corporation in advance and a determination made to protect the

corporation's interest."

Dana alleges that while these rules appear facially

neutral, they unfairly affect married employees, when both

spouses work for Union Pacific. She alleges that in situations

where both spouses work at Union Pacific, they are forced to

either follow the rules and breach "the marital duty of

loyalty," or break the rules and face discipline or termination.

Thus, Dana alleges that the rules constitute marital

discrimination.

While discrimination on the basis of marital status is

unlawful pursuant to California Government Code 12940(a), an

employer can reasonably regulate married employees. See Cal.

Govt. Code § 12940(a)(3)(A) ("Nothing in this part relating to

discrimination on account of marital status shall do either of

the following: (A) Affect the right of an employer to reasonably

regulate, for reasons of supervision, safety, security, or

moral, the working of spouses in the same department, division

or facility, consistent with the rules and regulations adopted

by the commission. . .")

Based on the allegations in the SAC, it appears that

whether or not Dana and Jeremy were married or in any other type

of relationship, Dana would be required to proffer to Defendant

any information that she had regarding his accident, pursuant to

the workplace rules. While the rules no doubt leave Dana and

other married co-employees in an awkward position should they be

required to share information on a co-employee spouse, Dana does

not plead facts showing that the rules unlawfully penalize the

status of marriage so as to amount to a marital status

discrimination claim. As Defendants point out, marital privacy

is not a protected status.  Indeed, Dana alleges that the work

rules penalize the status of marriage, but only if the married

couple are both Union Pacific Employees. However, if Dana were

married to someone who was not an employee at Union Pacific, the

work rules would not penalize or affect her status as a married

person. Whether an employee is married, divorced or single makes

no difference with respect to the rules.

Dana has had several opportunities to plead her claim, and

has been unable to do so. Accordingly, Defendants motion to

1   dismiss the marital discrimination claim is GRANTED, with

2   prejudice.

3

4

5   C.  Retaliation Claim

6       Defendants argue that Dana may not bring the California Fair

7   Employment and Housing Act ("FEHA") retaliation claim, as it is

8   a new claim that was not brought in the FAC, nor was it brought

9   in the original superior court complaint. Defendants argue that

10  Dana must get permission from the Court to add an additional

11  claim. They request that the Court strike or dismiss this claim.

12      The Court's previous order granting in part and denying in

13  part Defendants' motion to dismiss granted Plaintiffs leave to

14  amend the FAC. The Court's order was not limited to amendment of

15  existing claims, and Defendants do not demonstrate that they

16  would be prejudiced by the addition of this claim.  Furthermore,

17  though Defendants argue that a scheduling order has been issued,

18  thus requiring good cause to amend the pleadings, Defendants

19  fail to notice that Plaintiffs' SAC was filed before the

20  scheduling order was issued. Thus the SAC is not subject to the

21  requirement for leave of the court and good cause to amend a

22  pleading. Accordingly, the Court will not strike Dana's FEHA

23  retaliation claim and will evaluate the claim on the merits.

24      California Government Code 12940(h) makes it unlawful for

25  employers to retaliate against employees who have acted to

protect rights afforded by FEHA. Section 12940(h) states that it

is unlawful, "For any employer, labor organization, employment

agency or person to discharge, expel, or otherwise discriminate

against any person because the person has opposed any practices

forbidden under this part or because the person has filed a

complaint, testified, or assisted in any proceeding under this

part."

     To establish a prima facie case of retaliation under the FEHA,

a plaintiff must show that (1) he or she engaged in a "protected

activity," 2) the employer subjected the employee to an adverse

employment action, and (3) the causal link existed between the

protected activity and the employer's action. <u>Yanowitz v.</u>

<u>L'Oreal USA, Inc.</u>, 36 Cal.4th 1028, 1042 (2005).

     "To plead a claim for retaliation, plaintiffs must plead that

they were retaliated against for complaining of conduct that

either is prohibited by FEHA or that they reasonably and in good

faith believed was prohibited by FEHA. As long as the mistake

was reasonable and in good faith, it does not matter whether the

mistake was one of law or fact." <u>Chapin v. Aguirre</u>, 2007 WL

1660740 at *3 (S.D. Cal. June 7, 2007) (internal citations

omitted). "It is well established that a retaliation claim may

be brought by an employee who has complained of or opposed

conduct that the employee reasonably believes to be

discriminatory, even when a court later determines the conduct

was not actually prohibited by the FEHA... Strong policy

consideration support this rule. Employees often are legally

unsophisticated and will not be in a position to make an

informed judgment as to whether a particular practice or conduct

actually violates the governing antidiscrimination statute."

Yanowitz, 36 Cal.4th at 1047-48. When an employee refuses to

follow an order that she believes to be discriminatory, courts

look to the totality of the circumstances to determine whether

an employer knew that the employee was acting in opposition to

believed FEHA discrimination. Id.

As previously discussed, Dana has not stated a claim for

marital status discrimination. However, this does not rule out a

retaliation claim, as Dana can still bring such a claim if she

acted with a reasonable and good faith belief that Defendants'

conduct and policies were unlawful.

Here, the SAC alleges that Dana "refused to inform on her

husband in violation of her duties of loyalty and

confidentiality to Jeremy. In consequence of Dana's objection

and refusal to comply with the rules and policies which

penalized the status of marriage, Union Pacific retaliated

against Dana by removing her from service. . . and thereafter

terminated Dana's employment with Union Pacific." SAC, p. 16.

The SAC alleges that Defendants knew that Dana was opposing an

order that she believed to be discriminatory. Additionally, Dana

alleges she made a claim with the California Department of Fair

Employment and Housing as a result of the alleged retaliation,

and received a right to sue letter. The SAC alleges that Dana

refused to follow orders that she believed to be discriminatory

to provide Defendants with information regarding Jeremy's

injuries, medical restrictions, activities around the house or

elsewhere, doctor's visits, medication use or pain and

suffering. She continued to refuse to provide this information

even when faced with discipline and termination.

   Taking these facts in the light most favorable to Plaintiffs,

the Court finds that Dana has sufficiently alleged a cause of

action for retaliation. Though Defendants did not engage in

marital discrimination, Dana has alleged facts demonstrating a

reasonable and good faith belief that Defendants' rules

constituted unlawful marital discrimination, thus she may

maintain her claim of retaliation at this stage. Defendants

motion to dismiss the retaliation claim is DENIED.


D. Dismissal of individual defendants

    Defendants ask the Court to dismiss all claims brought

against individual defendants Dennis Magures ("Magures"), John

Parker ("Parker") and Leo Marin ("Marin"). The SAC brings the

three previously dismissed claims for intentional infliction of

emotional distress, and a claim for invasion of privacy, against

1  Magures, Parker and Marin. However, in Plaintiffs' Opposition,

2  Plaintiffs state that the only claims brought against Magures,

3
   Parker and Marin are the claims for intentional infliction of
4
   emotional distress. The Court already dismissed the intentional
5
6  infliction of emotional distress claims with prejudice, and

7  declined to reconsider them, thus the Court reiterates that

8  these claims are dismissed with prejudice from the SAC.

9
        Because Plaintiffs deny bringing any other claims against
10
   the individual defendants, it appears that they either did not
11

12 intend to bring the invasion of privacy claim against Magures,

13 Parker and Marin, or do not oppose the dismissal of this claim

14 against them. Accordingly, the invasion of privacy claim against

15 Magures, Parker and Marin is dismissed, with prejudice. As there

16
   are no longer any claims against them, Magures, Parker and Marin
17
   are dismissed from this suit. [2]
18

19

20                          III. ORDER

21
        For the reasons set forth above, Defendants' Motion to
22
   Dismiss is hereby GRANTED in part and DENIED in part. The motion
23

24 to dismiss the marital status discrimination claim is GRANTED,

25 _____

26 [2] The Court notes that Defendants have also argued for dismissal
   of the invasion of privacy claim against defendant Andrew
27 Ribbing. Mr. Ribbing has filed his own motion to dismiss and is
   not a party to the current motion. Thus the Court will not
28 consider arguments made on Mr. Ribbing's behalf, nor does this
   dismissal order apply to claims against Mr. Ribbing.

1   WITH PREJUDICE. The motion to dismiss the invasion of privacy

2   claim against Defendants Magures, Parker and Marin is GRANTED,

3   WITH PREJUDICE. Defendants Magures, Parker and Marin are

4   dismissed from this action. The motion to dismiss the

5   retaliation claim is DENIED.

6

7

8        IT IS SO ORDERED.

9

10

Dated: May 20, 2010                        _____
11                                          JOHN A. MENDEZ,
                                            UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28