IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY GILMORE AND DANA
GILMORE,

        Plaintiffs,

          v.

UNION PACIFIC RAILROAD COMPANY,
DENNIS MAGURES, JOHN PARKER,
ANDREW RIBBING, and LEO MARIN
and DOES 1 to 10, inclusive,

        Defendants.
_____/

Case No. 09-cv-02180-JAM-DAD

ORDER DISMISSING DEFENDANT
ANDREW RIBBING

    This matter comes before the Court on Defendant Andrew
Ribbing's("Defendant" or "Ribbing") Motion to Dismiss and Strike
Plaintiffs' Jeremy Gilmore and Dana Gilmore's ("Plaintiffs'")
Second Amended Complaint ("SAC") (Doc. #31) for lack of personal
jurisdiction and failure to state a claim pursuant to Federal
Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6), and
12(f).  Plaintiffs oppose the Motion to Dismiss and Strike.

1

(Doc. # 31)[1] For the reasons set forth below, Defendant's motion to dismiss is granted.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs' SAC alleges a claim for relief for violation of the Federal Employers Liability Act ("FELA"), 45 U.S.C. §51 et seq., as well as state law claims for relief, stemming from Union Pacific's discipline and dismissal of Plaintiffs from their jobs at Union Pacific.

Plaintiffs' First Amended Complaint ("FAC") was brought in Superior Court, and removed to federal court by Union Pacific under federal question jurisdiction. Union Pacific brought a motion to dismiss and strike claims from the FAC. The Court granted in part and denied in part the motion to dismiss, and denied the motion to strike. Specifically, the Court denied the motion to dismiss with respect to Plaintiffs' claims for wrongful discharge and invasion of privacy. The Court granted the motion to dismiss, without prejudice, with respect to Plaintiff's claims for marital status discrimination, and with prejudice with respect to the claims for intentional infliction of emotional distress. Defendant Carolyn Will was dismissed from the suit.

---

[1] This motion was determined to be suitable for decision without oral argument.   E.D. Cal. L.R. 230(g).

Plaintiffs were granted leave to amend the FAC, and consequently filed the SAC. Plaintiffs also filed a motion for reconsideration of the dismissal of the intentional infliction of emotional distress claims.  The Court denied the motion for reconsideration (Doc. #43).  Plaintiffs re-plead the intentional infliction of emotional distress claims in the SAC, and Ribbing has asked the Court to again dismiss these claims with prejudice as they might apply to him.  The Court grants this request and dismisses these claims with prejudice as to Ribbing.

Upon filing the SAC, Plaintiffs served the individual defendants named in the SAC, including Ribbing.  However, Ribbing was served after the other individual defendants, and therefore did not join in their motion to dismiss and strike the SAC (Doc. #27).  The Court's order (Doc. #44), granted the motion to dismiss and strike in part, dismissing the marital status discrimination claim and dismissing individual defendants Dennis Magures, John Parker, and Leo Marin.  The Court's order noted that while Union Pacific also argued for dismissal of Ribbing, he was not a party to that motion and therefore the Court's order did not apply to the claims brought against him.

In the present Motion to Dismiss and Strike, Ribbing argues for dismissal or striking of all the claims brought in the SAC. The Court, having already ruled on all the claims in the SAC, will not repeat its entire ruling here but incorporates by

reference its previous Orders (Doc. ##43/44).  With respect to

the claims specifically brought against Ribbing in the SAC, only

one claim remains, for invasion of privacy.[2]  The invasion of

privacy claim was not dismissed against Union Pacific, but was

dismissed against the other individual defendants because

Plaintiffs indicated that they had not intended to include the

individual defendants in this claim and did not raise any

opposition to dismissing the claim against the other individual

defendants.  However, in response to Ribbing's motion herein,

Plaintiffs oppose the dismissal of this claim.


I.   OPINION

A.  <u>Legal Standard</u>

        A party may move to dismiss an action for failure to

state a claim upon which relief can be granted pursuant to

Federal Rule of Civil Procedure 12(b)(6).  In considering a

motion to dismiss, the court must accept the allegations in the

---

[2] Plaintiffs also appear to argue in their opposition that their
new claim in the SAC for Retaliation is directed at Ribbing as
well as Union Pacific.  As noted above, in their opposition to
Union Pacific, et al.'s Motion to Dismiss (Doc. #27), Plaintiffs
indicated that this claim was <u>not</u> brought against the individual
defendants (Doc. #34).  Moreover, the claim, as pled in the SAC,
appears to be against only Union Pacific.  Accordingly, the
Court dismisses this Retaliation claim against Ribbing, without
prejudice.  If Plaintiffs actually intended to include Ribbing
as a defendant in this claim, greater specificity as to
Ribbing's alleged wrongful acts giving rise to this claim should
be included in the complaint.

complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. Personal Jurisdiction

 Ribbing, a citizen of the state of Washington, asserts that this Court lacks personal jurisdiction over him.  As explained

below, the Court is dismissing with prejudice the one claim in this action that remains against Ribbing.  Thus, it is not necessary for this Court to decide the personal jurisdiction issue raised by Ribbing and it declines to do so.

C. <u>Invasion of Privacy</u>

Plaintiffs bring a claim for invasion of privacy, alleging that Ribbing invaded their "marital zone of privacy," by attempting to compel them to disclose information about each other known only as a result of their marital relationship.

Article 1, Section 1 of the California Constitution states that, "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness and privacy." To bring a claim for invasion of privacy, a plaintiff must "establish each of the following: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy."  <u>Hill v. National Collegiate Athletic Assn.</u>, 7 Cal. 4th 1, 39-40.

Previously, the Court found that Plaintiffs had established a legally protected autonomy privacy interest, and pled enough facts to support a claim for invasion of privacy.  However this

ruling applied only to Union Pacific.  In the SAC, there are no facts pled specifically against Ribbing individually that would support a claim for invasion of privacy against him. The only allegation against Ribbing is that he conducted Plaintiff Dana's disciplinary hearing, acting as hearing officer and fact finder, and informed her of her termination.  The disciplinary hearing was conducted pursuant to the Collective Bargaining Agreement. There are no allegations that Ribbing engaged in invasive conduct in his role as fact finder and hearing officer, nor are there allegations that he engaged in any conduct outside of the disciplinary hearing.  In the absence of any facts alleging that Ribbing committed a serious invasion of Plaintiffs' privacy, this Court finds that Plaintiffs have not met their burden to show a prima facie case of invasion of privacy.  Thus, the invasion of privacy claim is dismissed against Defendant Ribbing, with prejudice.


                              III. ORDER

     For the reasons set forth above, Defendant Ribbing's motion to dismiss the claims against him is GRANTED.  All claims, other than the Retaliation claim, are DISMISSED WITH PREJUDICE. Plaintiffs should file an Amended Complaint within twenty (20) days of this Order if they wish to attempt to include Ribbing as

a defendant in their Retaliation claim.   The Motion to Strike is moot.


    IT IS SO ORDERED.


Dated:  July 26, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

8