Larry Lockshin (SBN 61926)
LARRY LOCKSHIN, ESQ.
A LAW CORPORATION
555 University Avenue, Suite 200
Sacramento, CA 95825
Telephone:   (916) 649-3777
Facsimile:   (916) 649-3779
Email:       LockshinLawCorp@aol.com

Attorneys for Plaintiffs
JEREMY GILMORE AND DANA GILMORE

STEPHANIE L. QUINN, ESQ. [SBN: 216655]
NAISHA COVARRUBIAS, ESQ. [SBN: 239499]
RANDOLPH CREGGER & CHALFANT, LLP
1030 G Street
Sacramento, CA 95814
General:     916.443.4443
Facsimile:   916.443.2124

Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY GILMORE AND DANA GILMORE,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UNION PACIFIC RAILROAD COMPANY, DENNIS MAGURES, JOHN PARKER, CAROLYN M. WILL, ANDREW RIBBING and LEO MARIN and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | No. 2:09 CV 2180 JAM DAD<br><br>Judge: Honorable Dale A. Drozd |

**STIPULATION FOR A PROTECTIVE ORDER AND ORDER THEREON**

1   IT IS HEREBY STIPULATED TO BY AND BETWEEN COUNSEL FOR THE
2   PLAINTIFFS JEREMY AND DANA GILMORE AND THE DEFENDANT UNION PACIFIC
3   RAILROAD COMPANY AS FOLLOWS;

4   Plaintiff has requested the production of documents and/or testimony at deposition which
5   may contain confidential or sensitive information pertaining to the privacy of non-litigant third
6   parties who are now or may have been in the past employees of Union Pacific Railroad
7   Company. The parties agree that the court may enter a protective order as set forth below in
8   order to protect against the disclosure and use of such documents, information and/or testimony
9   other than for purposes of discovery or at trial. Accordingly, the parties agree to the following:

10   1.   Information pertaining to third-party non-litigants which Union Pacific claims is
11   private, such as injury records, personnel files and/or wage/salary information pertaining to an
12   individual whose name appears on the documents and which is disclosed and/or produced by the
13   defendant Union Pacific Railroad Company during any aspect or phase of discovery, including
14   without limitation, answers to interrogatories and/or production of documents, during
15   depositions or otherwise, and any summary, charts or notes made therefrom which also identifies
16   any third party person, shall be ~~for the purposes of this litigation only~~ considered confidential
17   information (hereinafter referred to as "Confidential Material") and disclosure shall be restricted
18   solely to the following persons and/or entities:

19   (a) The plaintiffs Jeremy and Dana Gilmore;

20   (b) Attorneys, clerical personnel and/or paralegals employed by the firm of Larry
21   Lockshin, Esq., A Law Corporation and/or counsel for Union Pacific Railroad Company;

22   (c) Independent experts not regularly employed by or associated with plaintiffs and their
23   counsel, or with Defendant and its counsel, insofar as the attorneys who obtain confidential
24   information deem it necessary to consult with such experts for discovery, preparation of the case,
25   for trial or preparation of the case during trial but only in those incidences where an independent
26   expert has a bonafide need for the confidential information in order to perform his/her duties.

27   2.   Copies of Confidential Material shall will be designated "Confidential"; however,
28   those third party records produced by Richard Nadeau during his deposition taken in this case

shall likewise be covered by this stipulation and order and shall be considered Confidential Material.

3. All Confidential Material shall be maintained in strictest confidence by the individuals identified in section 1, subparagraphs a-c above. No person authorized hereunder to view copies of Confidential Material, or to make notes therefrom, may disclose any portion of the subject matter or contents of either to any person not authorized hereunder.

4. The Confidential Material, copies of any portion of the Confidential Material, and all notes arising from examination of the Confidential Material, shall be used only in connection with the instant case, and shall not be used in connection with any other lawsuit or for any other purpose whatsoever, unless such Confidential Material is independently discovered in another proceeding. Within 180 days following conclusion of this action, including appeals, if any, Plaintiffs and their counsel shall destroy all Confidential Material and provide notice to Defendant's attorneys of record.

5. The parties may not file in the public record in this action any Confidential Material. If Plaintiff desires to file redacted versions of any Confidential Material, he must first get the agreement of Union Pacific's counsel, since redaction alone may not be sufficient to protect the privacy of third parties. If the parties cannot agree that redaction is sufficient to protect the privacy of a third party, the party wishing to file the document must do so under seal. A party that seeks to file under seal any Confidential Material, must comply with Local Rule 140.

6. The parties understand that Plaintiffs and their attorney do not agree that all of the documents made the subject matter of this agreement are necessarily or in fact private or in need of this protective order but that Plaintiffs have agreed to the demand of Union Pacific for the protective order set forth herein to expedite discovery and avoid the necessity of a hearing before this court.

///

///

///

7. It is further agreed and stipulated that Union Pacific shall produce on or before December 17, 2010 the names and last known contact information that was withheld from Defendant's responses to Plaintiff Jeremy Gilmore's Special Interrogatories, Set Two.

IT IS SO STIPULATED.

DATED:  December 7, 2010          LARRY LOCKSHIN, ESQ.
                                  A Law Corporation


                                  By     Larry Lockshin
                                        LARRY LOCKSHIN
                                        Attorneys for Plaintiff
                                        JEREMY AND DANA GILMORE


DATED: December 7, 2010           RANDOLPH, CREGGER & CHALFANT, LLP



                                  By:   Stephanie Quinn
                                        STEPHANIE QUINN
                                        Attorney for Defendant
                                        Union Pacific Railroad Company


**ORDER FOR PROTECTIVE ORDER**

For good cause appearing, the Court enters the above stipulated protective order as an order of the Court.

DATED: December 7, 2010.


_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\gilmore2180.stip.prot.ord