Larry Lockshin (SBN 61926)
LARRY LOCKSHIN, ESQ.
A LAW CORPORATION
555 University Avenue, Suite 200
Sacramento, CA  95825
Telephone:  (916) 649-3777
Facsimile:  (916) 649-3779
Email:  LockshinLawCorp@aol.com

Attorneys for Plaintiffs
JEREMY GILMORE AND DANA GILMORE

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY GILMORE AND DANA GILMORE,<br><br>Plaintiffs,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY, DENNIS MAGURES, JOHN PARKER, CAROLYN M. WILL, ANDREW RIBBING and LEO MARIN and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:09 CV 2180 KJM DAD<br><br>**PLAINTIFFS' REQUEST FOR PAGE LIMITATION EXTENSION FOR MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION; ORDER THEREON**<br><br>**The Honorable Kimberly J. Mueller**<br><br>**TRIAL DATE: August 15, 2011** |

Plaintiffs' JEREMY AND DANA GILMORE hereby request that the Court allow Plaintiffs to file a motion for summary judgment / summary adjudication in this matter that exceeds the page limitation of twenty (20) pages set forth in the Court's Amended Pretrial Scheduling Order dated March 18, 2011.  There is good cause to allow Plaintiffs' to file a supporting memorandum in excess of the page limitation for the following reasons:

Plaintiffs have alleged multiple causes of action against Union Pacific: Plaintiff Jeremy Gilmore asserts claims for personal injury under the Federal Employers Liability Act; wrongful

1  discharge in violation of public policy, as stated in the California Labor Code section 132(a) and
2  pursuant to 49 U.S.C. section 20109, and invasion of privacy.  Plaintiff Dana Gilmore also
3  asserts claims for wrongful termination in violation of public policy, based on her Constitutional
4  right to privacy; and invasion of privacy.  Each of these claims have generated numerous
5  affirmative defenses (Union Pacific has plead 21 affirmative defenses, two of which reserving
6  the right to allege further affirmative defenses if they arise).  Each cause of action and
7  affirmative defense creates complicated legal and factual issues, and many of these can be
8  adjudicated by way of summary adjudication if Plaintiffs are given the adequate space to do so.

   Given the nature of the claims presented, Plaintiffs cannot adequately present the issues that lend themselves to summary adjudication if the supporting memorandum is limited to twenty (20) pages, but they believe they can adequately address the issues in a memorandum of not more than thirty-five (35) pages.  Plaintiffs hereby request that the Court grant an extension of the page limitation to thirty-five (35) pages, in light of the circumstances of the case and the benefit of summarily adjudicating many of the issues presented.

Dated:       April 25, 2011                         LARRY LOCKSHIN, ESQ.
                                                    A Law Corporation


                                                    By:    ____/s/Jennifer Marsh_____
                                                           Jennifer Marsh
                                                           Attorneys for Plaintiffs JEREMY
                                                           GILMORE AND DANA GILMORE


                                    **ORDER**

     IT IS SO ORDERED.

Dated: May 3, 2011.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE


PLAINTIFFS' REQUEST FOR PAGE LIMITATION EXTENSION FOR MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION; ORDER THEREON