IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY GILMORE AND
DANA GILMORE,

    Plaintiffs,                                   Civ. No. S-09-2180 KJM DAD

  vs.

UNION PACIFIC RAILROAD
COMPANY,                                           ORDER

    Defendant.
_____/

        This case was on calendar on August 3, 2011 for final pretrial conference. Larry Lockshin appeared for plaintiffs; Michael Johnson and Brian Plummer appeared for defendants. The court directed counsel to file the joint pretrial statement required by Local Rule 282 and this court's scheduling order. On July 29, 2011, counsel filed a document entitled "Joint Pre-Trial Statement," which included several redlined sections and other editing marks. ECF No. 244. On August 1, 2011, counsel filed another document entitled "Joint Pre-Trial Statement." The contents of both documents suggest that counsel have not actually conferred about the evidentiary issues or the motions in limine, to narrow the disputes the court must resolve prior to trial. For example, in the most recent statement, plaintiffs contend that defendant should be precluded from introducing Union Pacific's industry wide safety statistics, which were attached as exhibits to George Day's deposition. ECF No. 247 at 9 ¶ 16. A review of UP's exhibit list

does not clearly show its intent to offer this exhibit. *But see* ECF No. 247 at 80 ¶ 123. In addition, plaintiffs object to Union Pacific's playing music during trial, yet there is no indication that UP contemplates any such performance. ECF No. 247 at 9 ¶ 14. In sum, the court cannot determine whether the evidentiary issues listed are actually disputed and thus have a place in the pretrial order. Moreover, the pretrial statement is not signed by UP's trial attorneys as it must be.

IT IS THEREFORE ORDERED:

1. The parties are directed to file a true joint pretrial statement, signed by all trial counsel, representing at the beginning of the statement that counsel have in fact conferred about all disputed facts and evidentiary issues, with this statement to be filed no later than 5 p.m. on August 8, 2011.

2. Motions in limine identified in the joint statement required in paragraph 1 above will be due no later than 5 p.m. on August 12, 2011, with oppositions due no later than 5 p.m. on August 17, 2011.

3. A hearing on the motions in limine will be held on Friday, August 19, 2011 at 2:00 p.m.

DATED: August 2, 2011.

_____
UNITED STATES DISTRICT JUDGE