IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY GILMORE, et al.,

      Plaintiffs,                        No. 2:09-cv-02180-KJM-DAD

    vs.

UNION PACIFIC RAILROAD COMPANY,

      Defendant.                       <u>ORDER</u>

                                       /

        Currently pending before the undersigned is defendant Union Pacific's ("defendant") "Motion For Enforcement Of Terms Of The Settlement." (Motion, Dkt. No. 488.) Plaintiffs filed an Opposition brief in response to the motion. (Opp'n, Dkt. No. 489.) Defendant filed a Reply brief in support of the motion. (Reply, Dkt. No. 493.)

        This pending dispute is likely worth less money than the attorney fees incurred to brief it. This case settled for $750,000.00. The pending disagreement is about approximately $230.00 in witness subpoena fees. In a nutshell, defendant contends that plaintiff's counsel has been improperly demanding repayment of monies his office paid to defendant's employee witnesses in connection with their traveling to and appearing at trial pursuant to plaintiff's subpoenas. But, because the matter settled before trial, no witness actually needed to travel and

1

1  appear at trial.  Four of the employee witnesses have cashed the checks even though they did not
2  appear at trial.  The witnesses have refused to repay the money to plaintiff's counsel.  (See
3  generally, Motion; Opp'n.)
4      This matter came on for hearing on October 25, 2012.  Attorney Larry Lockshin
5  appeared on behalf of plaintiffs.  Attorneys Naisha Covarrubias and Michael Johnson appeared
6  on behalf of defendant.  The undersigned has fully considered the parties' briefs and the
7  appropriate portions of the record in this case and, for the reasons stated below, orders that
8  defendant's Motion to Enforce the Settlement Agreement is denied.
9  I.   BACKGROUND
10     The parties' settlement conference took place on August 8, 2012, and the dispute
11 was settled therein.  (Dkt. Nos. 482, 487.)  The undersigned presided as the settlement judge.
12 (Dkt. No. 487.)  If the matter had not settled, trial would have commenced on August 20, 2012.
13 (Dkt. No. 470.)  The written Settlement Agreement was fully executed on August 27, 2012.
14 (Settlement Agreement, Exh. A to Motion, Dkt. No. 488-1.)  The terms of the Settlement
15 Agreement are, as relevant here: (1) defendants will pay $750,000 to plaintiff; (2) plaintiffs will
16 release all claims against defendant; (3) each party will bear its own litigation fees *and costs*.
17 (Motion at 6-8; see generally Settlement Agreement.)
18     About a month after the settlement was reached, defendant filed the pending
19 motion.  Defendant seeks "a declaration from this Court that Plaintiffs and/or Plaintiffs' counsel
20 are not entitled to pursue any costs associated with the prosecution of the Gilmore matter, and
21 that all such costs were taken into consideration within the total, agreed upon settlement
22 amount." (Motion at 3.)
23     During the hearing on this matter, counsel for plaintiffs confirmed that *plaintiffs*
24 signed the Settlement Agreements and that the settlement has funded.  Also during the hearing,
25 counsel for defendant confirmed that the only reason this matter has not closed is that *defendant*
26 has refused to sign dismissal documents given this dispute about witness fees.

II.     DISCUSSION

Defendant argues that the witness fees in question amount to "costs" that were expressly addressed in the parties' Settlement Agreement. (Settlement Agreement, Exh. A to Motion, Dkt. No. 488-1.) In fact, it is undisputed that the Settlement Agreement expressly requires each side to bear its own "costs."

Defendant essentially argues that because the witness fees in question are "costs," they are plaintiffs' to bear pursuant to the express terms of the Settlement Agreement, regardless of whether the witnesses are keeping the monies wrongfully. Defendant also argues that plaintiff's counsel's pursuing the fees is contrary to the terms of the Settlement Agreement.

In the Opposition, plaintiffs' counsel argues that: (1) counsel himself was not a signatory to the Settlement Agreement, so he is not bound by it; (2) the witnesses are not third party beneficiaries to the Agreement, so the Agreement does not apply to them; (3) the issue pending before the court now is outside the court's jurisdiction. (Opp'n at 4-8.)

Plaintiff's argument about a lack of jurisdiction is well-taken. The Settlement Agreement has not technically been breached; at present, each side *has* borne their own costs. Plaintiffs are presently out the approximately $230 in witness fees in question here. While plaintiff's counsel has been informally attempting to recover those witness fees, this is not itself a violation of a term of the Settlement Agreement.

Further, while it appears that the witness fees in question are encompassed within the term "costs" as that term is used within the Settlement Agreement, critically, plaintiffs are not insisting upon payment of these costs as a prerequisite to completing the settlement. In other words, while defendant frames its motion as seeking to "enforce" the Settlement Agreement, settlement is already complete: plaintiffs have released their claims against defendant and did not proceed with this case through trial. Plaintiffs signed the Settlement Agreement and accepted payment of the settlement funds. This is not a situation where plaintiffs are holding up the settlement while they seek recovery of the witness fees. Therefore, if anyone is stalling the

1  closure of this case and delaying the effectuation of the terms of the Settlement Agreement, it is
2  arguably defendant.

3  While the "costs" provisions in the Settlement Agreement purport to envelop *all*
4  costs, apparently including the witness fees in question, the undersigned does not have
5  jurisdiction to issue the broad declaratory order defendant seeks.  The undersigned's jurisdiction
6  in this matter is not so broad as to permit the undersigned to reach the issue of whether the
7  witnesses may properly retain fees paid to them for court appearances they never made.  The
8  undersigned does not have jurisdiction to issue an order declaring that plaintiff's counsel, Mr.
9  Lockshin, cannot pursue a lawsuit in state court against defendant's employee witnesses to
10 recover subpoena fees he believes to have unjustly enriched those witnesses.  Likewise, the
11 undersigned does not have jurisdiction to declare that defendant (and/or its employee witnesses)
12 cannot raise the Settlement Agreement as a complete defense in such state court action by Mr.
13 Lockshin, and/or that defendant (and/or its employee witnesses) cannot bring a malicious
14 prosecution action against Mr. Lockshin if they prevail in such an action.

15  For the reasons stated above, IT IS HEREBY ORDERED that:

16  1.  Defendant's "Motion For Enforcement Of Terms Of The Settlement"
17 (Dkt. No. 488) is denied.

18  2.  Given that the settlement has funded and that plaintiffs have signed the
19 Settlement Agreement dismissing this case and releasing claims against defendant, defendant is
20 ordered to sign the dismissal documents so that this case may be closed.

21  IT IS SO ORDERED.

22 DATED: October 26, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE